IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JACOB JEROME TAYLOR, ADC #132395**                                **PLAINTIFF**

**V.**                                **4:18CV00413 SWW-JTK**

**MARGARET ROBERT,** *et al*.                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I. **Introduction**

Plaintiff Jacob Jerome Taylor is in custody at the Ouachita River Unit of the Arkansas Department of Correction. He filed a pro se 42 U.S.C. § 1983 action against Defendants and a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 2, & 4). Plaintiff alleges that Defendants violated his federally-protected rights in connection with a reneged promise to allow Plaintiff to reside with Defendant Margaret Robert while on parole. (Doc. No. 2, at 5). Having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that Plaintiff's claims should be dismissed for failure to state a claim.

II. **Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Facts and Analysis

Plaintiff sued seven Defendants in this action; he identified each of the Defendants as a family member, specifically, as an aunt, uncle, or his mother. (Doc. No. 2, at 1-3). To state a claim for relief under 42 U.S.C. § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or statutory right. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Merely private conduct is not within the reach of § 1983. Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (internal citation omitted).

Each Defendant in this case is a private actor. To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying a plaintiff's

constitutional rights." Magee v. Trustees of Hamline University, Minn., 747 F.3d 532, 536 (8th Cir. 2014) (quoting Dossett v. First Bank, 399 F.3d 940, 947 (8th Cir. 2005)). "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'" Pendleton v. St. Louis County, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted). Plaintiff made no allegations that any Defendant engaged in joint activity with a state actor, and his Complaint does not otherwise indicate joint activity. Accordingly, Plaintiff's Complaint fails to state a claim for relief under § 1983 and should be dismissed.

**IV.    Conclusion:**

The Court recommends that Judge Wright DISMISS Jacob Jerome Taylor's Complaint (Doc. No. 2), without prejudice, based on his failure to state a claim. Furthermore, Judge Wright should find that the dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and should certify that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO RECOMMENDED this 10th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE